UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **AMERICAN LOGISTICS INTERNATIONAL, L.L.C.** <br> 24700 South Main Street <br> Carson, California 90745 | ) ) ) ) ) | |
| and | ) ) | |
| **AMERICAN LOGISTICS INTERNATIONAL TRANSPORTATION PARTNERS, L.P.** <br> 24700 South Main Street <br> Carson, California 90745 | ) ) ) ) ) ) | |
| and | ) ) | |
| **AMERICAN LOGISTICS INTERNATIONAL TRANSPORTION, L.L.C.** <br> 24700 South Main Street <br> Carson, California 90745 | ) ) ) ) ) ) | |
| and | ) ) | **Civil Action No. 15-682** |
| **AMERICAN LOGISTICS INTERNATIONAL WAREHOUSING & DISTRIBUTION PARTNERS, L.P.** <br> 24700 South Main Street <br> Carson, California 90745 | ) ) ) ) ) ) | |
| and | ) ) | |
| **AMERICAN LOGISTICS INTERNATIONAL WAREHOUSING & DISTRIBUTION, L.L.C.** <br> 24700 South Main Street <br> Carson, California 90745 | ) ) ) ) ) ) | |
| and | ) ) | |
| **PARASTOO BAGHERISHAD** <br> a citizen of the Islamic Republic of Iran <br> 9070 Irvine Center Drive, Suite 125 <br> Irvine, California 92618 | ) ) ) ) ) ) | |

and                                                          )
                                                             )
**BIJAN FALSAFI**                                            )
a citizen of the Islamic Republic of Iran                    )
9070 Irvine Center Drive, Suite 125                          )
Irvine, California 92618                                     )
                                                             )
          and                                                )
                                                             )
**FARIBOZ GHORBANIAN**                                       )
a citizen of the Islamic Republic of Iran                    )
1999 Avenue of the Stars, Suite 1100                         )
Los Angeles, California 90067                                )
                                                             )
          and                                                )
                                                             )
**ALI HASHEMINEJAD**                                         )
a citizen of the Islamic Republic of Iran                    )
9070 Irvine Center Drive, Suite 125                          )
Irvine, California 92618                                     )
                                                             )
          and                                                )
                                                             )
**KHALIL HASHEMINEJAD**                                      )
a citizen of the Islamic Republic of Iran                    )
9070 Irvine Center Drive, Suite 125                          )
Irvine, California 92618                                     )
                                                             )
          and                                                )
                                                             )
**NGUYEN QUOC KHANH**                                        )
a citizen of the Socialist Republic of Vietnam               )
1999 Avenue of the Stars, Suite 1100                         )
Los Angeles, California 90067                                )
                                                             )
          and                                                )
                                                             )
**MOHAMMAD LAYEGHI**                                         )
a citizen of the Islamic Republic of Iran                    )
1999 Avenue of the Stars, Suite 1100                         )
Los Angeles, California 90067                                )
                                                             )
          and                                                )
                                                             )
**MASSOUD MAJIDI**                                           )
a citizen of the Islamic Republic of Iran                    )
9070 Irvine Center Drive, Suite 125                          )
Irvine, California 92618                                     )

and     )
       )
       )
**ALIREZA MOHSENI**  )
a citizen of the Islamic Republic of Iran )
9070 Irvine Center Drive, Suite 125 )
Irvine, California 92618  )
       )
and     )
       )
**VAHID MOHSENI**   )
a citizen of the Islamic Republic of Iran )
9070 Irvine Center Drive, Suite 125 )
Irvine, California 92618  )
       )
and     )
       )
**BIJAN SABETIZADEH**  )
a citizen of the Islamic Republic of Iran )
9070 Irvine Center Drive, Suite 125 )
Irvine, California 92618  )
       )
and     )
       )
**AFSHIN SAKET**   )
a citizen of the Islamic Republic of Iran )
1999 Avenue of the Stars, Suite 1100 )
Los Angeles, California 90067 )
       )
and     )
       )
**FATEMAH VAHABZADEH** )
a citizen of the Islamic Republic of Iran )
1999 Avenue of the Stars, Suite 1100 )
Los Angeles, California 90067 )
and     )
       )
**YASHAR ZANDI**   )
a citizen of the Islamic Republic of Iran )
1999 Avenue of the Stars, Suite 1100 )
Los Angeles, California 90067 )
       )
and     )
       )
**ALIREZA ZARE**   )
a citizen of the Islamic Republic of Iran )
9070 Irvine Center Drive, Suite 125 )
Irvine, California 92618  )

|   |   |
|---|---|
| Plaintiffs, | ) |
|  | ) |
|  | ) |
| **v.** | ) |
|  | ) |
| **U.S. DEPARTMENT OF HOMELAND SECURITY** | ) |
| Washington, D.C. 20258 | ) |
|  | ) |
| and | ) |
|  | ) |
| **JEH JOHNSON, SECRETARY**, | ) |
| U.S. Department of Homeland Security, in his official capacity as well as his successors and assigns, | ) |
| 245 Murray Lane, S.W. Building 410 Washington, D.C. 20258-0075 | ) |
|  | ) |
| and | ) |
|  | ) |
| **U.S. CITIZENSHIP AND IMMIGRATION SERVICES** | ) |
| 111 Massachusetts Avenue, N.W. Washington, D.C. 20529-2000 | ) |
|  | ) |
| and | ) |
|  | ) |
| **LEON RODRIGUEZ, DIRECTOR**, | ) |
| U.S. Citizenship and Immigration Services, in his official capacity as well as his successors and assigns, | ) |
| 20 Massachussets Avenue, N.W. Washington, D.C. 20529-2000, | ) |
|  | ) |
| and | ) |
|  | ) |
| **KATHY BARAN, DIRECTOR**, | ) |
| U.S. Citizenship and Immigration Services, California Service Center, in her official Capacity as well as her successors and assigns, | ) |
| 24000 Avila Road Laguna Niguel, CA 92677 | ) |
|  | ) |
| and | ) |
|  | ) |

4

**NICOLAS COLLUCI, CHIEF**,                    )
Immigrant Investor Program,                    )
in his official capacity as well as his        )
successors and assigns,                         )
131 M Street, N.E. MS 2235                     )
Washington, D.C. 20259-2090                    )
                                                )
    Defendants.             )

## COMPLAINT

This case involves the use of the EB-5 investor visa category to attract $500,000 in immigrant investor capital for job-creating enterprises in a U.S. Citizenship and Immigration Services' approved immigrant investor regional center in California operating as American Logistics International Regional Center, L.L.C. (hereinafter "ALI-RC" or Plaintiff-Regional Center)."

Through the approved Plaintiff-Regional Center, approximately twenty (20) EB-5 investors have sought U.S. permanent residence under the provisions of Section 203(b)(5) of the Immigration and Nationality Act (hereinafter "INA") by investing $500,000 into a new commercial enterprise, American Logistics International Transportation Partners, L.P. (hereinafter "Transportation LP") that is located within a targeted employment area. Another approximately twenty-six (26) EB-5 investors have sought U.S. permanent residence through the same Plaintiff-Regional Center by investing $500,000 into a different new commercial enterprise, American Logistics International Warehousing and Distribution, L.P. (hereinafter "Warehousing LP") that is located within the same targeted employment area.

Plaintiff-Regional Center pools the $500,000 from each investor to create an equity investment into the new commercial enterprise, which it then uses to acquire and upgrade certain assets, including, without limitation, tractors, trucks, trailers, and global positioning systems and to fund the daily operations of a transportation company (American Logistics International Transport, L.L.C.) and a warehousing and distribution company (American Logisitics

International & Distribution, L.L.C.) which are both located in Carson, California.

For Plaintiff-Transportation LP, USCIS has approved 12 petitions of the 20 petitions filed since 2009. However, on the same facts, USCIS has otherwise denied or delayed action on the majority of the Form I-526 or Form I-829 petitions by claiming that the $500,000 capital contributions into the new commercial enterprise were not "at risk" as required by the INA and implementing regulation and policy. For three Form I-526 petitioners, USCIS has approved the petitions, but it has unreasonably delayed adjudication on the petitioners' Form I-829 petitions to remove the conditions of permanent residency.

For Plaintiff-Warehousing LP, USCIS has not approved any of the twenty-six petitions filed since 2012. While the majority of the Form I-526 petitions remain unreasonably delayed without final agency action, USCIS has denied five petitions on the grounds that the contributions into the new commercial enterprise were not "at risk" as required by the INA and implementing regulation and policy.

The issued agency findings denying (or delaying) these immigrant investor petitions are predicated on an incorrect finding that the funds are not "at risk." Recent events suggest that the underlying motivation for the denials, not expressed in any agency decision, is predicated on an unsubstantied claim made by one member of Congress in 2013, and a sensational ABC News-Nightline ("Nightline") segment in February 2015, suggesting that the Plaintiff-Regional Center has concerning ties to the Islamic Republic of Iran. Specifically, the Department of Homeland Security claimed publicly in the Nightline broadcast that "they have cut off applicants" through the Plaintiff-Regional Center based on its "ties to Iran."

A subsequent March 24, 2015, Office of Inspector General report based on the allegations raised by both the member of Congress and the Nightline broadcast failed to raise any concerns about Plaintiff-Regional Center. The agency action in denying Plaintiff-Investors' Form I-526

petitions or delaying action on the Form I-526 and/or I-829 petitions is inequitable, arbitrary and capricious, and contrary to law and clear USCIS policy.

Plaintiffs have been injured by USCIS' actions, and are seeking declaratory and injunctive relief under the Administrative Procedures Act ("APA"), 5 U.S.C. § 701 *et seq*., and related authorities.

## JURISDICTION AND VENUE

1.   The Court has jurisdiction over this matter pursuant to 5 U.S.C. § 702, 28 U.S.C. § 1331, § 1361, and §§ 2201–2202.

2.   Because Defendants' decision on a petition for an EB-5 visa is not discretionary, neither the immigration laws nor the APA withdraws jurisdiction.

3.   Venue properly lies in this judicial district under 28 U.S.C. § 1391(e), in that Defendants are agencies and officers of agencies of the United States, and Defendants Jeh Johnson and Leon Rodriguez, sued in their official capacity as Secretary of the U.S. Department of Homeland Security and Director of USCIS, respectively, reside in this judicial district. In addition, the Administrative Appeals Office of USCIS is located at agency headquarters in Washington, D.C.

4.   Defendant Kathy Baran is sued in her official capacity as Director of the USCIS California Service Center, which has denied or otherwise delayed adjudications on Plaintiff-Investors' respective Form I-526, Form I-829 or Form I-290B petitions.

5.   Defendant Nicolas Colluci is sued in his official capacity as the Chief of the USCIS Immigrant Investor Program, which has denied or otherwise delayed adjudications on Plaintiff-Investors' respective Form I-526, Form I-829 or Form I-290B petitions.

## PARTIES

Corporate Plaintiffs

6.   Plaintiff American Logistics International, L.L.C. ("ALI-RC" or "Plaintiff-ALI"), is an approved USCIS-designated regional center under the Immigrant Investor Program. ALI-RC is a California limited liability company, headquartered in Carson, California.

7.   ALI-RC is the General Partner of both American Logistics International Transportation Partners, L.P. ("Transportation LP") and American Logistics International Warehousing & Distribution, Partners, L.P, ("Warehousing-LP") which are new commercial enterprises under the INA.

8.   Plaintiff-Transportation L.P., a new commercial enterprise, is a California limited partnership, headquartered in Carson, California. Transportation LP wholly-owns a subsidiary, American Logistics International Transport, L.L.C. ("ALIT or Plaintiff-ALIT").

9.   Plaintiff-ALIT is a California limited liability company, headquartered in Carson, California.

10. Plaintiff-Warehousing LP, a new commercial enterprise, is a California limited partnership, headquartered in Carson, California. Warehousing LP wholly-owns a subsidiary, American Logistics International Warehousing & Distribution, L.L.C. ("ALIWD or Plaintiff-ALIWD").

11. Plaintiff-ALIWD is a California limited liability company, headquartered in Carson, California.

Plaintiff-Investors

12. Plaintiff-Investor Parastoo Bagherishad, a national of Iran, filed a Form I-526 petition with the USCIS California Service Center on June 23, 2013 (Receipt No. WAC-13-905-38389) based

on his $500,000 capital contribution into ALIWD. To date, there has been no agency action on his Form I-526.

13. Plaintiff-Investor Bijan Falsafi, a national of Iran, filed a Form I-526 petition with the USCIS California Service Center on June 18, 2013 (Receipt No. WAC-13-905-30427) based on his $500,000 capital contribution into ALIWD. To date, there has been no agency action on his Form I-526.

14. Plaintiff-Investor Farlborz Ghorbanian, a national of Iran, filed a Form I-526 petition with the USCIS California Service Center on June 13, 2012 (Receipt No. WAC-12-903-85810) based on his $500,000 capital contribution into ALIWD. On November 7, 2014, USCIS denied his Form I-526 petition. On January 21, 2015, he filed a Form I-290B, Motion to Reopen with the California Service Center. (Receipt No. WAC-15-901-36155). To date, there has been no agency action on his Form I-290B.

15. Plaintiff-Investor Ali Hasheminejad (Alien No. 062 444 2220), a national of Iran, filed a Form I-526 petition with the USCIS California Service Center on January 28, 2011 (Receipt No. WAC-11-902-07702) based on his capital contribution into ALIT. On October 12, 2011, USCIS approved his Form I-526 petition. On April 7, 2014, he filed a Form I-829 with the California Service Center to remove the conditions on his permanent residence (Receipt No. WAC-14-189-00284). To date, there has been no agency action on his Form I-829 petition.

16. Plaintiff-Investor Khalil Hasheminejad, a national of Iran, filed a Form I-526 petition with the USCIS California Service Center on January 12, 2013 (Receipt No. WAC-12-901-56289) based on his $500,000 capital contribution into ALIT. On October 29, 2014, USCIS denied his Form I-526 petition. On November 15, 2014, he filed a Form I-290B, Motion to Reopen with the California Service Center. (Receipt No. WAC-15-900-76766). On April 13, 2015, USCIS denied his Form I-290B Motion to Reopen.

17. Plaintiff-Investor Quoc Nguyen Khan, a national of Vietnam, filed a Form I-526 petition with the USCIS California Service Center on August 1, 2012 (Receipt No. 12-904-52508) based on his capital contribution into ALIT. On October 29, 2014, USCIS denied his Form I-526 petition. On November 29, 2014, he filed a Form I-290B Motion to Reopen with the California Service Center. (Receipt No. WAC-15-900-76881). On April 13, 2015, USCIS denied his Form I-290B Motion to Reopen.

18. Plaintiff-Investor Mohammad Layeghi, a national of Iran, filed a Form I-526 petition with the USCIS California Service Center on September 14, 2012 (Receipt No. WAC 12-905-68438) based on his $500,000 capital contribution into ALIWD. On November 12, 2014, USCIS denied his Form I-526 petition. On March 27, 2015, he filed a Form I-290B Motion to Reopen with the California Service Center. (Receipt No. WAC-15-902-36314). To date, there has been no agency action on his Form I-290B petition.

19. Plaintiff-Investor Massoud Majidi, a national of Iran, filed a Form I-526 petition with the USCIS California Service Center on June 14, 2013 (Receipt No. WAC-13-905-27620) based on his $500,000 capital contribution into ALIWD. To date, there has been no agency action on his Form I-526.

20. Plaintiff-Investor Alireza Mohseni (Alien No. 062 408 118), a national of Iran, filed a Form I-526 petition with the USCIS California Service Center on January 21, 2011 (Receipt No. WAC-11-902-08030) based on his $500,000 capital contribution into ALIT. On October 4, 2011, USCIS approved his Form I-526 petition. On December 10, 2013, he filed a Form I-829 with the California Service Center to remove the conditions on his permanent residence (Receipt No. WAC-14-071-00283). To date, there has been no agency action on his Form I-829 petition.

21. Plaintiff-Investor Vahid Mohseni (Alien No. 062 408 114), a national of Iran, filed a Form I-526 petition with the USCIS California Service Center on January 21, 2011 (Receipt No. WAC-11-902-080301) based on his $500,000 capital contribution into ALIT. On October 4, 2011, USCIS approved his Form I-526 petition. On December 10, 2013, he filed a Form I-829 with the California Service Center to remove the conditions on his permanent residence (Receipt No. WAC-14-071-00332). To date, there has been no agency action on his Form I-829 petition.

22. Plaintiff-Investor Bijan Sabetizadeh, a national of Iran, filed a Form I-526 petition with the USCIS California Service Center on January 12, 2012 (Receipt No. WAC 12-901-53843) based on his $500,000 capital contribution into ALIT. On October 29, 2014, USCIS denied his Form I-526 petition. On November 28, 2014, he filed a Form I-290B Motion to Reopen with the California Service Center. (Receipt No. WAC-15-900-76762). On April 14, 2015, USCIS denied his Form I-290B Motion to Reopen.

23. Plaintiff-Investor Afshin Saket, a national of Iran, filed a Form I-526 petition with the USCIS California Service Center on September 10, 2012 (Receipt No. WAC 12-905-47184) based on his $500,000 capital contribution into ALIWD. On November 12, 2014, USCIS denied his Form I-526 petition. On December 8, 2014, he filed a Form I-290B Motion to Reopen with the California Service Center. (Receipt No. WAC-15-900-84109). To date, there has been no agency action on his Form I-290B petition.

24. Plaintiff-Investor Fatemah Vahabzedah, a national of Iran, filed a Form I-526 petition with the USCIS California Service Center on March 16, 2012 (Receipt No. WAC 12-902-46998) based on her $500,000 capital contribution into ALIWD. On October 9, 2014, USCIS denied her Form I-526 petition. On March 27, 2015, she filed a Form I-290B Motion to Reopen with the California Service Center. (Receipt No. WAC-15-902-36315). To date, there has been no agency action on her Form I-290B petition.

25. Plaintiff-Investor Yashar Zandi, a national of Iran, filed a Form I-526 petition with the USCIS California Service Center on June 1, 2012 (Receipt No. WAC 12-903-87317) based on his $500,000 capital contribution into ALIWD. On November 7, 2014, USCIS denied his Form I-526 petition. On December 8, 2014, he filed a Form I-290B Motion to Reopen with the California Service Center. (Receipt No. WAC-900-84108). To date, there has been no agency action on his Form I-290B petition.

26. Plaintiff-Investor Alireza Zare, a national of Iran, filed a Form I-526 petition with the USCIS California Service Center on June 15, 2013 (Receipt No. WAC 12-903-72686) based on his $500,000 capital contribution into ALIT. On October 29, 2014, USCIS denied his Form I-526 petition. On November 28, 2014, he filed a Form I-290B Motion to Reopen with the California Service Center. (Receipt No. WAC 15-900-76767). On April 14, 2015, USCIS denied his Form I-290B Motion to Reopen.

Defendants

27. The U.S. Department of Homeland Security ("DHS") is the federal agency bearing responsibility for administration and enforcement of the nation's immigration laws.

28. Defendant Jeh Johnson is sued in his official capacity as DHS Secretary in which he is charged with the just administration and enforcement of the immigration laws. 8 U.S.C. § 1103(a).

29. U.S. Citizenship and Immigration Services ("USCIS"), a bureau of the U.S. Department of Homeland Security, is responsible for awarding visa petitions in appropriate circumstances consistent with the INA. As used below, "USCIS" refers to both the U.S. Citizenship and Immigration Services, and predecessor agency U.S. Immigration and Naturalization Services.

30. Defendant Leon Rodriguez is sued in his official capacity as Director of USCIS.

31. Defendant Kathy Baran is sued in her official capacity as USCIS Director of the California Service Center.

32. Defendant Nicolas Colluci is sued in his official capacity as USCIS Chief of the Immigrant Investor Program.

## FACTS

33. Each Plaintiff-Investor filed an Immigrant Petition by Alien Entrepreneur ("Form I-526"), pursuant to section 203(b)(5) of the Immigration and National Act ("INA"). INA § 203(b)(5)(A) codified this "Immigrant Investor Program," which provides classification to qualified immigrants seeking to enter the United States for the purpose of engaging in a new commercial enterprise (including a limited partnership):

> (i) in which such alien has invested (after the date of the enactment of the Immigration Act of 1990) or, is actively in the process of investing, capital in an amount not less than the amount specified in subparagraph (C), and

> (ii) which will benefit the United States economy and create full-time employment for not fewer than 10 United States citizens or aliens lawfully admitted for permanent resident or other immigrants lawfully authorized to be employed in the United States (other than the immigrant and the immigrant's spouse, sons, or daughters).

34. Each Plaintiff-Investor asserted eligibility based on an investment through ALI-RC, a USCIS-designated regional center under the Immigrant Investor Program. ALI-RC is the General Partner of Transportation LP and Warehousing LP. Transportation LP wholly-owns a subsidiary, ALIT, and Warehousing LP wholly-owns a subsidiary, ALIWD.

35. ALI-RC facilitates investments into Transportation LP and Warehousing LP as two new comercial enterprises and job creating entities. ALI-RC pooled $500,000 from twenty investors to create an equity investment of $10,000,000 into Transportation LP. ALI-RC has also sought to

pool $500,000 from approximately forty-four investors into Warehousing LP. Transportation LP and Warehousing LP retained capital contributions in the amount of $500,000 from their Plaintiff-Investors individually to fund the growth and start-up of their operating concerns, respectively, ALIT and ALIWD

36. ALIT and ALIWD used the pooled investor funds to acquire and upgrade certain assets, including, without limitation, tractors, trucks, trailers, and global positioning systems, and to fund daily operations of a transportation company located in Carson, California. Specifically, the use of the approved investors' funds included the purchase of approximately 40 green trucks, 8 trailers, 20 heavy lift chassis, 8 forklifts, and state-of-the-art cargo/logistics software.

37. ALIT earned $10.3 million in revenue in 2012, $7.7 million in revenue in 2013, and $10.8 million in revenue in 2014. ALIT employs approximately 80 U.S. workers.

38. ALIWD earned $3.1 million in revenue in 2012, $4.6 million in revenue in 2013, and $6.3 million in revenue in 2014. ALIWD employs approximately 94 U.S. workers.

<u>"At Risk" Nature of the Funds</u>

39. 8 C.F.R. § 204.6(j)(2) provides that an investor must invest capital so that it is at risk of loss, meaning that the investor must have more than the "mere intent to invest" capital in the new commercial enterprise.

40. From the time that each Plaintiff-Investor deposited the $500,000 in capital to Transportation LP and Warehousing LP, the funds were placed in accounts in which the investor has no control. Investors also deposited an additional $30,000 that represented administrative fees for the conduct of the regional center.

41. Each Plaintiff-Investor entered into a Subscription Agreement, a contract between the Subscriber (Plaintiff-Investor) and Transportation LP or Warehousing LP, that is to be construed in accordance with the laws of the State of California.

42. Under the terms of a Subscription Agreement, no funds could be repaid to the investor unless the investor also indicated clearly his desire to terminate the U.S. immigration process by withdrawing the I-526 petition. If the investor chose to terminate the process prior to adjudication of his form I-526, the investor would forfeit one half ($15,000) of the aforementioned administrative fee ($30,000). The limited opportunity to withdraw the subscription is extinguished upon approval of the Form I-526.

43. Under the express terms of the Subscription Agreement, any returns of the investment of cash as capital will be wholly dependent upon the profits and/or losses of the new commercial enterprise (i.e. Transportation LP or Warehousing LP) and any distributions will be allocated as provided in the Limited Partnership Agreement.

44. The Plaintiff-Investor's limited opportunity to withdraw their subscriptions exists only prior to approval or denial of the Form I-526.

45. This limited opportunity to withdraw is fully consistent with USCIS implementing policy guidance on the determination of whether funds are "at risk." Thus, if the agreement between the new commercial enterprise and immigrant investor, such as a limited partnership agreement or operating agreement, provides that the investor may demand return of or redeem some portion of capital *after* obtaining conditional lawful permanent resident status (i.e., following approval of the investor's Form I-526 and subsequent visa issuance or, in the case of adjustment, approval of the investor's Form I-485), that portion of the capital is not at risk. The Plaintiff-Investors do not have the opportunity to demand return of or redeem some portion of capital after obtaining

conditional lawful permanent resident status.

46. Between 2009 and 2014, twenty similarly-situated immigrant investors filed Form I-526 petitions through Plaintiff-Regional Center per their Subscription Agreements with Transportation LP and invested the $500,000 in capital consistent with the terms of Subscription Agreement and Limited Partnership Agreement. USCIS properly adjudicated twelve of these Form I-526 petitions, determined that the funds were at risk, and approved the conditional resident petitions for those immigrant investors. USCIS has subsequently denied seven of the petitions, and has failed to render a final adjudication for one petition.

47. Between 2012 and 2014, twenty-six similarly-situated immigrant investors filed Form I-526 petitions through Plaintiff-Regional Center per their Subscription Agreements with Warehousing LP and invested the $500,000 in capital consistent with the terms of Subscription Agreement and Limited Partnership Agreement. USCIS has denied five of these Form I-526 petitions, and failed to render final adjudications for the remaining petitions.

48. At variance with twelve earlier agency adjudications and Form I-526 petition approvals for the at risk contributions into Transportation LP through Plaintiff-Regional Center, USCIS has explicitly denied or otherwise delayed adjudication on the remaining Plaintiff-Investor's Form I-526 (or Form I-829) petitions on the grounds that the capital was not "at risk."

49. In specific written denials for some Plaintiff-Investors, USCIS found that the immigrant investor had a unilateral right to withdraw funds that undermines a showing of present commitment and thus fails to qualify as an actual investment. Consequently, USCIS determined that the record for the immigrant investor did not establish eligibility through a preponderance of the evidence for classification under INA § 203(b)(5).

50. USCIS has rendered final agency decisions on similar grounds in denying petitions for five Warehousing LP investors through Plaintiff-Regional Center.

<u>Improper Political Motive To Deny and/or Delay Adjudication</u>

51. USCIS' motiviation to deny or otherwise delay adjudication for Plaintiff-Investors appears to based on reasons other than those stated in the final agency decisions.

52. On December 12, 2013, Senator Charles Grassley, Ranking Member of the Senate Committee on the Judiciary, sent a letter to John Sandweg, then the Acting Director of U.S. Immigration and Customs Enforcement ("ICE") to express concerns about the EB-5 immigrant investor program. Senator Grassely attached an internal ICE memo that raised questions whether the EB-5 program was subject to abuse by Iranian government operatives seeking to infiltrate the United States.

53. On February 3, 2015, the ABC News production, Nightline, broadcast a six-minute segment, entitled "Feds Investigating Iran Ties to Firm Involved in US Visa Program," available at *http://abcnews.go.com/US/federal-agents-investigating-firm-involved-us-visa-program/story?id=28682456&singlePage=true* (last accessed Apr. 30, 2015). This segment, featuring Senator Grassley, continued to advance the Senator's earlier-proposition that the EB-5 immigrant investor program is subject to abuse by Iranian government operatives. Purporting to rely on unnamed sources and government documents, Nightline directly alleged that Plaintiff ALI had engaged in such abuse.

54. On February 3, 2015, as part of Nightline's video segment and broadcast, ABC News produced several companion digital news articles to allege fraud in the EB-5 immigrant investor category: "Feds Investigating Iran Ties to Firm Involved in US Visa Program" available at *http://abcnews.go.com/US/federal-agents-investigating-firm-involved-us-visa-*

*program/story?id=28682456* (last accessed Apr. 30, 2015); "Whistleblowers: US Gave Visas to

Suspected Forgers, Fraudsters, and Criminals" available at *http://abcnews.go.com/US/*

*whistleblowers-us-gave-visas-suspected-forgers-fraudsters-criminals/story?id=28671577* (last

accessed Apr. 30, 2015); and "DHS Inspector General Focusing on $500,000 Green Card

Program" available at *http://abcnews.go.com/International/dhs-inspector-general-focusing-*

*500000-green-card-program/story?id=28928002* (last accessed Apr. 30, 2015).

55. In the video segment, Brian Ross, Nightline Chief Investigative Correspondent, states

that DHS provided a statement to ABC News regarding why the immigrant investor petitions

filed through the Plainiff Regional-Center have been denied: "In a statement, Homeland Security

says [to Nightline], "They [DHS] have cut off applicants for the EB-5 Program in Los Angeles

under investigation for its ties to Iran."

56. ABC News, in the February 3, 2015 article, "DHS Inspector General Focusing on

$500,000 Green Card Program" wrote that the Office of Inspector General ("OIG") for the

Department of Homeland Security was conducting an investigation into these allegations:

> The Department of Homeland Security's inspector general is nearing completion of
> an investigation into an increasingly popular but controversial immigration program
> that provides a visa and possibly a Green Card to foreign nationals who invest
> $500,000 or $1 million in an approved American business venture that creates jobs .
> . . Career employees at the federal agency said that the investigation has focused on
> the way now-Deputy Secretary Alejandro N. Mayorkas ran the program, which has
> been under scrutiny for approving visas for foreign investors even when
> background checks raised suspicions about fraud, money laundering, even
> espionage.

57. Plaintiff-ALI, business concerns (Transportation LP, Warehousing LP, ALIT, and

ALIWD), and Plaintiff-Investors have not engaged in any improper or illegal activities, and

asserted the same to Nightline as produced in its report:

> The company makes complying with all laws and regulations its "highest priority."
> [A company representative] wrote that the company sought and received specific

approvals from the Treasury Department to accept funds from Iranian investors. "We trust and believe in our government's intelligence capabilities to screen and prevent entry into the United States by applicants whose 'motives and background' are truly suspect," . . . "In point of fact, none of the Iranian investors who have participated in the EB-5 program through the A.L.I. Regional Center has ever been refused a visa because of security concerns. In addition, all of our investors have been screened both through the EB-5 program's requirement that an investor verify the actual source of the funds to be invested, our own internal safeguards and the government's security checks." Available at *http://abcnews.go.com/US/federal-agents-investigating-firm-involved-us-visa-program/story?id=28682456* (Last accessed Apr. 30, 2015).

58. On March 24, 2015, DHS-OIG produced the results of their investigation into the matters addressed in the Nightline broadcast and ABC News articles in a report entitled, "Investigation into Employee Complaints about Management of U.S. Citizenship and Immigration Services' EB-5 Program." Available at *http://www.oig.dhs.gov/assets/Mga/OIG_mga-032415.pdf* (Last accessed Apr. 30, 2015). While the activities of three separate EB-5 regional centers were scrutinized by OIG in their report (i.e. LA Films Regional Center, Las Vegas Regional Center, and Gulf Coast Funds Management Regional Center), contrary to the claims made by ABC News and Nightline, OIG *did not* address any problems with respect to Plaintiff-ALI.

59. The denials and delayed adjudications injuring Plaintiffs have been based on a false pretext that the funds were not "at risk." Consistent with the remarks of Senator Grassely and the sensational report of Nightline and ABC News, it is clear that the denials and delayed adjudications are instead politically-motivated. The denials and "cut[ting] off applicants for the EB-5 Program in Los Angeles" are based on an unsubstantiated allegation of a risk to national security. This agency action has not been subject to minimum due process standards, and is well outside the proper contours of USCIS' statutory and regulatory authority and decision-making process regarding the proper adjudication of EB-5 immigrant investor petitions.

60. These agency actions and decisions are inequitable, arbitrary and capricious, and contrary to clear USCIS policy requiring deference to the same project, the same documents, and the same facts.

## EXHAUSTION

61. USCIS has denied or improperly delayed adjudication on each Plaintiff-Investors' respective Form I-526 petition, Form I-829 petition, or Form I-290B petition.

### Delayed Adjudication on Removing Conditions after Approved Form I-526 Petitions

62. USCIS approved Plaintiff-Investor Ali Hasheminejad's filed Form I-526 petition, but has failed to adjudicate his filed Form I-829 petition that has been pending since April 7, 2014.

63. USCIS *approved* Plaintiff-Investor Alireza Mohseni's filed Form I-526 petition, but has failed to adjudicate his filed Form I-829 petition to remove conditions that has been pending since December 10, 2013.

64. USCIS *approved* Plaintiff-Investor Vahid Mohseni filed Form I-526 petition, but has failed to adjudicate his filed Form I-829 petition to remove conditions that has been pending since December 10, 2013.

### Denied Form I-526 Petitions

65. USCIS denied Plaintiff-Investor Farlborz Ghorbanian's filed Form I-526 petition on November 7, 2014, and has failed to adjudicate his filed Form I-290B that has been pending since.

66. USCIS denied Plaintiff-Investor Khalil Hasheminejad's filed Form I-526 petition on November 15, 2014, and denied his filed Form I-290B petition filed on April 13, 2015.

67. USCIS denied Plaintiff-Investor Plaintiff-Investor Quoc Nguyen Khan's filed Form I-526 petition on October 29, 2014, and denied his Form I-290B Motion to Reopen on April 13, 2015.

68. USCIS denied Plaintiff-Investor Mohammad Layeghi's filed Form I-526 petition on November 12, 2014, and has failed to adjudicate his filed Form I-290B petition that has been pending since March 27, 2015.

69. USCIS denied Plaintiff-Investor Bijan Sabetizadeh's filed Form I-526 petition on October 29, 2014, and denied his Form I-290B Motion to Reopen on April 14, 2015.

70. USCIS denied Plaintiff-Investor Afshin Saket's filed Form I-526 petition on November 12, 2014, and has failed to adjudicate his filed Form I-290B petition that has been pending since December 8, 2014.

71. USCIS denied Plaintiff-Investor Fatemah Vahabzedah's filed Form I-526 petition on October 9, 2014, and has failed to adjudicate her filed Form I-290B petition that has been pending since March 27, 2015.

72. USCIS denied Plaintiff-Investor Yashar Zandi's filed Form I-526 petition on November 7, 2014, and has failed to adjudicate his filed Form I-290B petition that has been pending since December 8, 2014.

73. USCIS denied Plaintiff-Investor Alireza Zare's filed Form I-526 petition on October 29, 2014, and denied his Form I-290B Motion to Reopen on April 14, 2015.

<u>Failure to Adjudicate Form I-526 Petitions</u>

74. USCIS has failed to adjudicate Plaintiff-Investor Parastoo Bagherishad's filed Form I-526 petition that has been pending since June 23, 2013.

75. USCIS has failed to adjudicate Plaintiff-Investor Bijan Falsafi's filed Form I-526 petition that has been pending since June 18, 2013.

76. USCIS has failed to adjudicated Plaintiff-Investor Massoud Majidi's filed Form I-526 petition that has been pending since June 14, 2013.

## INJURY

77. The Government's wrongful denial of the Plaintiff-Investors' petitions has caused and will continue to cause personal and financial harm to Plaintiff-Investors.

78. The Government's wrongful denial of the Plaintiff-Investors' petitions has caused and will continue to cause an actual disruption of the economic relationship between the Immigrant Investors and Plaintiff-Regional Center's business model, which is dependent on the Immigrant Investors obtaining conditional residency in the United States.

79. The Government's unlawful practice, if allowed to continue, has jeopardized Plaintiff-Investors and the corporate Plaintiffs' economic well-being and limits expansions into additional U.S. markets and further job creation. American workers currently employed by and through the Plaintiffs are at risk of losing their employment if the Government action compels the withdrawal of existing capital contributions.

80. The corporate Plaintiffs fall within the zone of interest of the relevant provisions of the INA because a statutory purpose of the immigrant investor program is to provide an opportunity for an investment of capital to promote economic growth and development within the United States.

## CLAIMS FOR RELIEF

## FIRST CAUSE OF ACTION
## (DEPRIVATION AND VIOLATION OF RIGHTS UNDER THE INA)

81. The Plaintiffs repeat and reallege the allegations contained in paragraphs 33 through 80 above, inclusive.

82. In  denying or delaying adjudication of Plaintiff-Investors' petitions through the Plaintiff-Regional Center, the Government has unlawfully interpreted and applied the term "at risk" under  INA § 203(b)(5) and 8 C.F.R. § 204.6,  by improperly disregarding of certain

evidence and imposing an impermissibly high burden of proof on Plaintiffs-Investors.

83. As a result, the Government deprived Plaintiffs of their rights under the INA to benefit from the statute's immigrant investor provisions, and thereby violated those rights.

**SECOND CAUSE OF ACTION**
**(VIOLATIONS OF APA)**

84. The Plaintiffs repeat and reallege the allegations contained in paragraphs 33 through 80 above, inclusive.

85. The Government's denial or delay of the Plaintiffs' Forms I-526, I-829, and/or I-290B petitions is improper and reviewable under 5 U.S.C. § 702.

86. As a result of these improper decisions by the Government, Plaintiffs are "suffering a legal wrong of agency action" and are "adversely affected or aggrieved by agency action," and therefore "is entitled to judicial review thereof" under 5 U.S.C. § 702.

87. The Government's decision to deny or delay Plaintiff-Investors' visa petitions is based upon an interpretation contrary to and inconsistent with INA§ 203(b)(5) and 8 C.F.R. § 204.6.

88. The Government's decision to deny Plaintiff-Investors' petitions in light of a record providing ample evidence of the "at risk" nature of their investment is "arbitrary, capricious, an abuse of discretion, [and] otherwise not in accordance with law" under 5 U.S.C. § 706(2)(A).

89. The APA directs that the "reviewing court shall . . . hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). The volume and quality of the evidence Petitioners' supplied substantiate the "at risk" requirement.

90. The Government breached its duty to take into account fully Plaintiff-Investors' evidence regarding the "at risk" nature of their investment. The APA directs that the "reviewing court shall . . . hold unlawful and set aside agency action, findings, and conclusions found to be . . .

without observance of procedure required by law" under 5 U.S.C. § 706(2)(D).

91. The Government breached its duty owed to Plaintiffs to properly adjudicate these petitions for the immigrant investors. The Government is legally required to act upon Plaintiff-Investors' respective Form I-526 petitions, Form I-829 petitions, and Form I-290B petitions. The APA directs that the "reviewing court shall . . . compel agency action unlawfully withheld or unreasonably delayed" pursuant to 5 U.S.C. § 706(1).

## THIRD CAUSE OF ACTION
## (MANDAMUS ACT)

92. The Plaintiffs repeat and reallege the allegations contained in paragraphs 33 through 80 above, inclusive.

93. The failure of the Government to take into account the evidence supporting Plaintiffs' petitions—in particular, the "at risk" nature of their investment —and the resultant failure to properly decide these petition, constitutes a violation of a duty owed to Plaintiffs.

94. The Government's failure to respond to Plaintiff-Investors' respective Form I-526 petitions, Form I-829 petitions, and Form I-290B petitions violates a duty owed to Plaintiffs.

95. The Court therefore has authority under the Mandamus Act, 28 USC § 1361, to compel the Government to adjudicate any of the Plaintiffs' pending Form I-526 petitions, Form I-829 petitions, and Form I-290B petitions.

## FOURTH CAUSE OF ACTION
## (DECLARATORY JUDGMENT ACT)

96. The Plaintiffs repeat and reallege the allegations contained in paragraphs 33 through 80 above, inclusive.

97. Plaintiffs are entitled to a declaration of its rights, which shall have the force and effect of a final judgment, in accordance with 28 U.S.C. § 2201(a).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs hereby pray for relief as follows:

1.   That the Court hold unlawful and set aside the USCIS findings that the evidence fails to establish that Plaintiff-Investors' funds are not "at risk;"

2.   That the Court hold unlawful and set aside the any USCIS decisions denying Plaintiff-Investors' Form I-526 and/or Form I-290B petitions, as not in accordance with the APA and INA;

3.   That the Court declare that Plaintiffs' have submitted sufficient evidence to establish that Plaintiff-Investors' funds are "at risk" in ALI-RC and Transportation LP and/or Warehousing LP consistent with INA § 203(b)(5) and 8 C.F.R. § 204.6;

4.   That the Court compel the Government to decide properly—on a timely basis—Plaintiff-Investors' respective Form I-526 petitions, Form I-829 petitions, or Form I-290B petitions;

5.   That the Court compel the Government to perform its duty owed to Plaintiffs, and to adjudicate properly Plaintiff-Investors' alien entrepreneur visa petitions (i.e. the Form I-526 petition and Form I-829 petition);

6.   That the Court provide further relief as it deems appropriate, just, and equitable; and

7.   That the Court grant attorney's fees, expenses and costs of court to Plaintiffs, pursuant to the Equal Access to Justice Act or any other applicable provision.

DATED: May 4, 2015

Respectfully submitted,

/s/

_____

Bradley P. Moss, Esq.
DC Bar #975905
Mark S. Zaid, Esq.
DC Bar #440532
Mark S. Zaid, P.C.
1250 Connecticut Avenue, N.W.
Suite 200
Washington, D.C.  20036
(202) 454-2809
(202) 330-5610 fax
Brad@MarkZaid.com
Mark@MarkZaid.com

*Attorneys for Plaintiff*